# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:24-CR-265-ADA |
| | § | |
| ASHLEY LARUE | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

The defendant was found guilty of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The Court sentenced the defendant to 92 months imprisonment; five years supervised release; and a $100.00 special assessment. The defendant began her supervision on December 30, 2021. On March 28, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of her release and seeking a show-cause hearing as to why the defendant's supervised release should not be

1

revoked. The petition alleges the defendant violated the terms of her release in the following instance:

> **Violation Number 1:** The defendant violated Mandatory Conditions Number 2 and 3, in that on or about November 15, 2024, Ms. Larue tested positive for and subsequently admitted to the possession and use of methamphetamine.
>
> **Violation Number 2:** The defendant violated Mandatory Conditions Number 2 and 3, in that she unlawfully possessed and used a controlled substance, in that on March 28, 2025, she admitted to using a prescription medication, specifically Xanex, which is not prescribed to her.
>
> **Violation Number 3:** The defendant violated the additional condition for medication, in that she ingested medication that was not prescribed to her.
>
> **Violation Number 4:** The defendant violated Standard Condition Number 6, in that she failed to notify the probation officer at least ten days prior to any change in residence.
>
> **Violation Number 5:** The defendant violated the special condition for substance abuse treatment, in that she was unsuccessfully expelled from the treatment program on March 19, 2025.
>
> **Violation Number 6:** The defendant violated Standard Condition Number 3, in that she failed to answer truthfully all inquiries by the probation officer.
>
> **Violation Number 7:** The defendant violated Standard Condition Number 3, in that she failed to follow the instructions of the probation officer.

## II. **FINDINGS OF THE COURT**

The Court held a hearing in this matter on April 15, 2025. At that hearing, Defendant plead true to the violations. The petition contained a sufficient factual basis to support a plea of true.

1) The defendant violated the conditions of her supervision as alleged in the petition.

2) The defendant was competent to make the decision to enter a plea to the allegations.

3) The defendant had both a factual and rational understanding of the proceedings against her.

4)  The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5)  The defendant has not had any injury that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

6)  The defendant was sane and mentally competent to stand trial for these proceedings.

7)  The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8)  The defendant received a copy of the petition naming her, and she either read it or had it read to her.

9)  The defendant understood the petition and the charges alleged against her and had the opportunity to discuss the petition and charges with her attorney.

10) The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11) The defendant freely, intelligently, and voluntarily entered her plea to the allegations.

12) The defendant understood her statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be continued. Her conditions of supervision should include the following special conditions: **1:** To commence IMMEDIATELY upon the availability of a bed, the defendant shall reside in a residential re-entry center for a period of up to six (6) months, or until she has gained employment and a suitable residence can be approved by the probation officer, whichever occurs first. Further, once

employed, the defendant shall pay 25% of her weekly gross income for her subsistence as long as that amount does not exceed the daily contract rate. The defendant shall remain in custody until a bed is available at the residential re-entry center. **2:** The defendant shall have no contact with Thomas Kyle Wilson, whether by telephone, text message, email, fax, social media, or in person, during the term of supervision.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of April 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE