UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | NO: WA:24-CR-00265(1)-ADA |
| (1) ASHLEY LARUE | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the court is the above styled and numbered cause. On March 28, 2025 the United States Probation Office filed a Petition For Warrant or Summons For Offender Under Supervision for Defendant (1) ASHLEY LARUE, which alleged that LaRue violated a condition of her supervised release and recommended that LaRue's supervised release be revoked (Clerk's Document No. 3). A warrant issued and LaRue was arrested. On April 4, 2025, LaRue appeared before a United States Magistrate Judge, was ordered detained, and a revocation of supervised release hearing was set..

LaRue appeared before the magistrate judge on April 15, 2025, waived her right to a preliminary hearing and to be present before the United States District Judge at the time of modification of sentence, and consented to allocution before the magistrate judge. Following the hearing, the magistrate judge signed his report and recommendation on April 16, 2025, which provides that having carefully considered all of the arguments and evidence presented by the Government and Defendant, based on the original offense and the intervening conduct of LaRue, the magistrate judge recommends that this court

continue LaRue supervised release. The magistrate judge recommends the additional following special conditions: 1: To commence IMMEDIATELY upon the availability of a bed, the defendant shall reside in a residential reentry center for a period of up to six (6) months, or until she has gained employment and a suitable residence can be approved by the probation officer, whichever occurs first. Further, once employed, the defendant shall pay 25% of her weekly gross income for her subsistence as long as that amount does not exceed the daily contract rate. The defendant shall remain in custody until a bed is available at the residential re-entry center. 2: The defendant shall have no contact with Thomas Kyle Wilson, whether by telephone, text message, email, fax, social media, or in person, during the term of supervision (Clerk's Document No. 18).

     A party may serve and file specific, written objections to the proposed findings and recommendations of a magistrate judge within fourteen days after being served with a copy of the report and recommendation, and thereby secure a *de novo* review by the district court. *See* 28 U.S.C.§ 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto Ass 'n,* 79 F.3d 1415 (5th Cir. 1996) *(en banc).* The parties in this cause were properly notified of the consequences of a failure to file objections.

On April 15, 2025, following the hearing on the motion to revoke supervised release, all parties signed a Waiver Of Fourteen Day Rule For Filing Objections To Report and Recommendation OfUnited States Magistrate Judge (Clerk's Document No. 17). The court, having reviewed the entire record and finding no plain error, accepts and adopts the report and recommendation filed in this cause.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the United States Magistrate Judge filed in this cause (Clerk's Document No. 18 ) is hereby ACCEPTED AND ADOPTED by this court.

**IT IS FURTHER ORDERED** that Defendant (1) ASHLEY LARUE's term of supervised release is hereby CONTINUED. In addition, defendant LaRue shall comply with the following special conditions:

1: To commence IMMEDIATELY upon the availability of a bed, the defendant shall reside in a residential reentry center for a period of up to six (6) months, or until she has gained employment and a suitable residence can be approved by the probation officer, whichever occurs first. Further, once employed, the defendant shall pay 25% of her weekly gross income for her subsistence as long as that amount does not exceed the daily contract rate. The defendant shall remain in custody until a bed is available at the residential re-entry center. 2: The defendant shall have no contact with Thomas Kyle Wilson, whether by telephone, text message, email, fax, social media, or in person, during the term of supervision.

**IT IS FURTHER ORDERED** that all prior conditions of supervised release are reimposed.

Signed this 17th day of April, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE